```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


RICHARD TRACEY,                    :
        Petitioner
                                   :

        vs.                        :   CIVIL NO. 1:CV-07-0245

JAMES WYNDER, Superintendent       :
of SCI Dallas, GERALD PAPPERT,
Attorney General of Pennsylvania,  :
PENNSYLVANIA BOARD OF PROBATION
AND PAROLE,                        :
        Respondents
```

*M E M O R A N D U M*

I.   *Introduction.*

Richard Tracey, an inmate at SCI-Dallas, Dallas, Pennsylvania, has filed a pro se petition under 28 U.S.C. § 2254 challenging the decision of the Pennsylvania Board of Probation and Parole requiring him to serve all of his time on a fifteen-year sentence on a 1990 rape conviction. Based on the Board's calculation, this means Petitioner will be incarcerated until August 18, 2007, his new "max date". This backtime was the result of Petitioner's violation of parole; while he was on parole from the rape conviction, he was convicted of forgery and theft by deception.

Tracey contends the Board has unconstitutionally refused to give him credit for two periods of time: (1) some six months he spent in a Harrisburg community corrections center (CCC) from October 12, 1999, through May 8, 2000; and (2) ten

days he spent in York County Prison from June 18, 2001, through June 28, 2001, on a warrant from the Board. If the Board had included this time, Petitioner asserts he would have been released on February 8, 2007.

We will deny the petition because Tracey has procedurally defaulted his claim and has also failed to exhaust state-court remedies.

II.   *Discussion*.

Tracey's claim appears to be a valid one for double jeopardy. *See Harvey v. Aviles*, 2006 WL 624891, at *5 (D.N.J.). However, based on Respondents' calculation of his maximum date of August 18, 2007, Tracey was given credit for the ten-day period. (Doc. 7-2, ¶ 15). That leaves only the six months in the CCC. Petitioner argues that the conditions of his stay at the CCC were sufficiently restrictive that it should count as incarceration.

The calculation of Petitioner's new max date came in a decision the Board mailed to Petitioner on September 24, 2002, after his new convictions. Under 37 Pa. Code § 73.1(b)(1), Petitioner had the right to file a petition for administrative review of the new max date, raising the claims he asserts here. From there, he had the right of direct review in the commonwealth court by way of a petition for review. *Evans v. Pennsylvania Dep't of Corr.*, 713 A.2d 741, 742-43 (Pa. Commw.

1998). He then could have sought discretionary review in the state supreme court. *McMahon v. Commonwealth, Pennsylvania Bd. of Prob. & Parole*, 504 Pa. 240, 241-42, 470 A.2d 1337, 1337 (1983); Pa. R. App. P. 1112. A failure to seek administrative review precludes judicial review in state court. *Evans*, *supra*, 713 A.2d at 743. There is a thirty-day deadline form the mailing date for seeking administrative review. 37 Pa. Code § 73.1(b)(1). Second or subsequent petitions for administrative review that are out of time will not be considered. *Id.*, § 73.1(b)(2).

A 2254 petition cannot be granted unless the prisoner has exhausted state-court remedies. 28 U.S.C. § 2254(b)(1)(A). Respondents assert that Tracey failed to exhaust his state-court remedies and also committed a procedural default because he did not seek administrative review of the failure to give him credit for his CCC time.[1]

They assert the record indicates that Petitioner sought administrative review of the September 24, 2002, decision by a letter dated September 29, 2002, but raised only the claim that the backtime violated a rule that backtime of only six to twelve months was allowed for the offense of forgery. By letter dated October 18, 2002, the Board rejected this claim.

---

[1] They also say Petitioner failed to contest the lack of credit for the ten-day period, but since that claim lacks merit anyway, we concentrate on the CCC time. In any event, the argument applies equally to the ten-day claim.

3

Respondents assert that the CCC claim was only raised in two administrative appeals, one by Petitioner, received by the Board on September 29, 2005, and the other by his public defender, dated September 27, 2005. The Board rejected both appeals by letter dated November 16, 2005, based on the rationale that second or subsequent petitions will not be considered.[2]

      Petitioner's response to this is that he did indeed file an administrative petition concerning the CCC stay, by letter dated September 27, 2002, two days before his administrative petition based on the guideline range for forgery convictions. Petitioner submits a copy of that letter. See doc. 2. He asserts that the Board has obstructed his attempts to exhaust state remedies by failing to act on the petition for five years, and hence we should reach the merits. Conversely, a Board representative affirms that it has no record of the September 27 petition.

      We conclude that the September 27, 2002, letter-petition is not authentic, for several reasons. There is no reference to the letter in the September 29, 2002, administrative petition; there is no evidence in the succeeding years that Petitioner made any attempts to contact the Board

---

[2] According to Petitioner, he attempted yet another administrative appeal by letter dated July 17, 2006. He also filed a mandamus action in the commonwealth court, No. 458 M.D. 2006, which that court denied on December 19, 2006, on the basis that he should have filed a petition for review and that mandamus cannot be used "to revive lapsed appeal rights." (Doc. 1, attachment).

concerning the status of his petition; he allowed three years to pass before attempting to seek administrative relief on the same claim in 2005 and in 2006, and in doing so failed to make what should have been an obvious reference to his supposed petition pending from 2002. Petitioner also has a conviction for forgery.

We conclude that Petitioner failed to exhaust state-court remedies because he failed to pursue them, and we will dismiss this petition on that ground.[3]

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: May 22, 2007

---

[3] We see no basis for the cause-and-prejudice exception since Petitioner's failure to exhaust was not "external" to his side. *See Slutsker v. Johnson*, 393 F.3d 373, 381 (3d Cir. 2004).

```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


RICHARD TRACEY,                     :
         Petitioner
                                    :

         vs.                        :   CIVIL NO. 1:CV-07-0245

JAMES WYNDER, Superintendent        :
of SCI Dallas, GERALD PAPPERT,
Attorney General of Pennsylvania,   :
PENNSYLVANIA BOARD OF PROBATION
AND PAROLE,                         :
         Respondents
```

*O R D E R*

AND NOW, this 22nd day of May, 2007, it is ordered that:

   1. The petition for writ of habeas corpus under 28 U.S.C. § 2254 is dismissed on the basis of failure to exhaust state-court remedies.

   2. A certificate of appealability is denied.

   3. The Clerk of Court shall close this file.


                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge